**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEVIN MCBRIDE

     Plaintiff,

v.                                      Case No.:

KNIGHTS AIR CONDITIONING LLC
and WILBERT LEE SISSON, JR.,

     Defendants.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Devin McBride, by and through his undersigned counsel, sues Defendants: Knights Air Conditioning LLC, and Wilbert Lee Sisson Jr. pursuant to 29 U.S.C. § 216(b), of the Fair Labor Standards Act (the "FLSA") for unpaid overtime wages and unlawful retaliation.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216 (b), the Fair Labor Standards Act, a federal question.

2. This Court has personal jurisdiction over this action because Defendants operated substantial business in Hillsborough County, Florida, and the damages at issue occurred in Hillsborough County, Florida and within this district.

3. Venue is proper to this Court because the acts complained of accrued within this District at Defendants' primary office located in Riverview, Hillsborough County, Florida.

## THE PARTIES

4.     Plaintiff Devin McBride (hereinafter "McBride" or "Plaintiff") resides in Hillsborough County, Florida, during all times material, is an authorized member of Knights Air Conditioning LLC, and has been an employee of Knights Air Conditioning LLC from 2013 to the present.

5.     Defendant Knights Air Conditioning LLC (hereinafter "Knights") is a Florida Limited Liability Company with its current principal place of business at 6520 US Highway 301 South, Suite 111, Riverview, Florida 33578.

6.     Knights can be served via its current registered agent, Wilbert Lee Sisson, Jr. at 8311 Carriage Pointe Drive, Gibsonton, Florida 33534.

7.     Defendant Wilbert Lee Sisson Jr. (hereinafter "Sisson") (collectively with Knights, "Defendants") at all times material is the primary Manager and highest ranking officer of Knights and resides at 8311 Carriage Pointe Drive, Gibsonton, Florida 33534.

8.     Sisson is an individual "Employer" within the meaning of the FLSA as he set the compensation plan, work schedules, and directed the work and supervised the work of Plaintiff.

9.     Upon information and belief, Knights has business revenues exceeding $500,000.00 annually.

10.     Defendants qualify for and are subject to enterprise coverage under the FLSA for the relevant time periods pertinent to this Complaint.  In other words, Defendants are subject to the FLSA.

11.     McBride is an employee of Defendants within the meaning of FLSA § 203.

## **GENERAL ALLEGATIONS**

12.     The FLSA provides that, with certain exceptions, employers must pay employees a minimum hourly wage for all compensable hours worked and overtime of at least one and one-half times their regular hourly rate of pay for any hours worked over forty (40) in a week. *See 29 U.S.C. §§ 206, 207(a)(1)*.  The Act exempts certain employees from the minimum wage and overtime requirements.  However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies"  S*ee Donovan v. Nekton, Inc., 703 F.2d 1148, 1151 (9th Cir. 1983)*.

13.     Knights is a business enterprise offering residential heating, ventilation, and air conditioning (HVAC) repair and replacement primarily to residential customers.

14.     McBride worked for Knights as a lead air conditioning technician up until April 2019.

15.     Knights directs McBride as to the site of the job, and upon arrival McBride diagnoses and repairs the air conditioning unit or system of Knights' customers as needed.

16.     At all times relevant, McBride was paid twenty (20) dollars per hour and was not eligible to receive commission.

17.     Sisson is the primary Manager of Knights, and the highest ranking officer, and sets the pay policies and procedures of Knights.

18.     During the busy season, which usually runs from May to September, McBride routinely worked hours in excess of forty (40) per week for Knights.

3

19.     Throughout some part of McBride's employment with Defendants, he was treated as exempt from overtime compensation by Defendants, and no reason was ever presented for the classification as exempt from overtime by Defendants to Plaintiff.

20.     Alternatively, Defendants just instituted and carried out an unlawful policy and practice against paying Plaintiff overtime wages, refusing to pay Plaintiff a premium for all overtime hours worked.

21.     McBride was not paid any premium for most of the overtime hours worked in excess of forty (40) in each workweek.

22.     Defendants knew that Plaintiff routinely worked in excess of 40 hours during his time of employment, and permitted him to suffer to work off the clock, and without properly being paid for all hours worked, or otherwise, misclassified him as exempt from overtime pay.

23.     McBride, as an A/C technician is not in a class of employees exempted from FLSA overtime wage coverage and his primary work duties are that of a laborer, typically and usually deemed by the Department of Labor regulations and Field Operations Handbook, and under FLSA case law as involving non-exempt job duties and a non-exempt position.

24.     McBride was unfamiliar with FLSA when hired and up to the date of this Complaint.

25.     Knights never informed McBride that he was ever eligible for overtime wages, nor did they explain to him that what Knights was relying upon for classifying him as exempt, or if they simply had a policy against paying overtime wages.

26.     McBride's paystubs from Knights reflect that he is paid on an hourly basis and not a salaried employee.

4

27.     McBride was subject to discipline if he fails to report to work within the schedule required by Defendants, and he did not have the discretion to vary and alter his schedule or work the hours and days he chooses.

28.     Further evidence that Knights is not relying upon any good faith belief or legal opinion on their exempt classification of McBride or their willful refusal to pay McBride a premium for all overtime hours worked is the fact that Defendants have in the past paid overtime wages to McBride despite there being no change in McBride's job status, duties or responsibilities.

29.     In 2016, McBride was paid a premium, or overtime wages, for overtime hours worked over 40 in each work week.  By the next year, the amount of overtime wages he received decreased, and by 2018, McBride did not receive any overtime compensation despite having worked hours in excess of forty (40) within a work week in the years 2016 to 2018 which Defendants knew about.

30.     Defendants appear to have placed Plaintiff on a salary thereafter, misleading Plaintiff to believe that a salary was an excuse or reason under the FLSA to refuse to pay overtime premiums for hours worked over 40 in each workweek.

31.     Plaintiff never agreed to forego overtime wages and never agreed that his salary was intended to cover all hours worked; regardless, the premise was based upon misrepresentation by Defendant which Plaintiff relied upon to his detriment.

32.     Defendants knew or should have known that they should have tracked and recorded all of Plaintiffs work hours back in 2016, and that for all future overtime hours worked

over 40 in each and every work week by McBride, they were lawfully required to pay McBride premium pay for these hours, including time and one half McBride's regular rate of pay.

33.    However, the FLSA requires overtime wages to be paid for *every* week where overtime hours are worked, not just some weeks or most weeks, and the obligation is on the Employer to pay a premium for all hours it knew or should have known that its employees worked.

34.    Defendants, Knights and Sisson expected and required Plaintiff to  work a minimum of (40) hours per week, be on call, and work weekends as needed.

35.    McBride was subjected to a willful policy and practice of Defendants misclassifying Plaintiff as exempt from overtime wages, or alternatively, Defendants created and maintained an unlawful pay policy and practice against paying overtime wages in violation  of Section 207 of the FLSA.

36.    Defendants are required by the Fair Labor Standards Act to compensate McBride for all hours worked, including a premium for all overtime hours worked over forty (40) in any work week.

37.    Defendants willfully engaged in practices and policies that denied McBride overtime compensation, and a premium pay for all overtime hours worked in all workweeks.

38.    Defendants are required, pursuant to the FLSA, to track, record and maintain accurate and contemporaneous records of all work hours for all non-exempt employees, and in this instance failed to do so.

39.    Alternatively, Defendants willfully manipulated, edited and deleted or shaved off tracked hours of McBride to avoid records of overtime hours incurred in the event of a lawsuit or

claim, and also to deceive, confuse and mislead McBride.

40.     Similarly, Defendants do not and cannot have a good faith basis under the FLSA for not paying McBride a premium for all overtime hours it knew or should have known McBride worked, and, upon information and belief, have never assessed with any law firm or attorney whether Plaintiff's position meets any exemption under the FLSA.

## COUNT I UNPAID OVERTIME WAGES DUE UNDER SECTION 207 FLSA

41.     Plaintiff realleges and incorporates the above paragraphs as if fully set forth in this Count.

42.     At all relevant times, Defendants were the Employers of McBride within the meaning of the FLSA.

43.     However, Defendants have willfully refused to pay a premium for all overtime hours worked by McBride.

44.     Defendants also have edited or removed overtime hours from time records and do not provide Plaintiff with a total summary of his work hours.

45.     The "busy season" for McBride and Knights, an HVAC repair and installation company in Florida, usually runs from May to September, but sometimes extends into November.

46.     McBride routinely worked overtime hours, or hours in excess of forty (40) in a work week, during the busy season without being paid all the overtime compensation for his hours actually worked.

47.     Defendants have willfully violated the FLSA by willfully refusing to pay McBride a premium for all overtime hours worked.

48.     Defendants' failure to pay McBride overtime compensation at a rate of time and

one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in a given work week, is a violation of the FLSA, in particular, 29, U.S.C. § 207.

49.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(A).

50.     Defendants do not have a good faith basis under the FLSA from willfully refusing to pay a premium to McBride for all overtime hours worked over forty (40) in a work week.

51.     Defendants knew that McBride routinely worked more than forty (40) hours in a work week and aside from willfully refusing to pay for all hours, also edited, shaved off, removed or manipulated time records to erase and conceal the overtime hours worked.

52.     Due to Defendants' FLSA violations, McBride has suffered damages and is entitled to recover from Defendants the unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, costs, and disbursements in this action pursuant to 29 U.S.C. § 216(b).

**COUNT II UNLAWFUL RETALIATION IN VIOLATION OF THE FLSA SECTION 15a3**

53.     McBride adopts and realleges paragraphs 1 through 40 as if fully set forth herein.

54.     McBride presented Defendants his claim for overtime wages on or about April 11, 2019 through email communications from his attorneys.

55.     Defendants acknowledged receipt and the parties executed a tolling agreement to discuss resolution of the claim for overtime wages, among other legal disputes and claims.

56.     However, Defendants shortly thereafter, terminated McBride's employment, including ceasing his compensation, removing him from work schedules, required McBride to return equipment and his work vehicle.

57.     Defendants were warned against unlawful retaliation in the communication to them by Plaintiff's attorney, and also notified that Plaintiff intended and expected his employment to continue.

58.     At no time did McBride ask to resign or quit his employment.

59.     McBride did not abandon his job, or voluntarily quit working, and he certainly did not wish his income from performing his job to cease.

60.     Defendants also removed Plaintiff from all work schedules and refused to reinstate Plaintiff despite communications to them disputing that Plaintiff had resigned or quit his employment.

61.     Defendants willfully, and maliciously retaliated against Plaintiff for presenting his claim for overtime wages to Defendants in violation of the anti-retaliation section of the FLSA, 15a3.

62.     Plaintiff has suffered loss of income, mental anguish and humiliation and other related costs as a result of his loss of income due to Defendants termination of Plaintiff's employment and refusal to compensate him further.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Devin McBride demands judgment against Defendants including the following relief:

a.     A judgment finding that Defendants willfully and in bad faith violated the overtime compensation provisions of the FLSA;

b.     That the Court award Plaintiff McBride overtime compensation and a premium for all the previous hours worked over forty (40) hours in any work week in which he did not receive a premium for all overtime hours worked during the past three (3) years, AND award payment of liquidated damages of an equal amount of the awarded overtime wages; in

addition to penalties and interest on said award pursuant to §216 of the FLSA;

c.      Payment of his attorneys' fees and costs pursuant to § 216 of the FLSA for all causes of action; and,

d.      Payment of back pay from the date of termination of Plaintiff's employment until the date of judgment or jury verdict, plus front pay in lieu of reinstatement in amounts to be determined by the jury and double the sums owed as liquidated damages;

e.      Compensatory damages for retaliatory discharge and termination of Plaintiff's employment;

f.      That the Court award any other legal and equitable relief as this Court may deem appropriate, including barring any retro-active applications of exemptions and estoppel of affirmative defenses.

PLAINTIFF REQUESTS A TRIAL BY JURY.


Date: June 13, 2019


*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar No. 080349
FELDMAN LEGAL GROUP
6940 W. Linebaugh Ave., #101
Tampa, Florida 33625
Telephone: (813) 639-9366
Fax: (813) 639-9376
Email: mlf@feldmanlegal.us
Secondary:mhockensmith@feldmanlegal.us
*Attorney for Plaintiff*